UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHANIE ANN CHITWOOD,

        Plaintiff,

        v.

YUBA COUNTY; M&T BANK; JAMES
BISHOP; THOMAS SMITH; and DOES 1
through 100, inclusive,

        Defendants.

No. 2:26-cv-02338-TLN-SCR

**ORDER**

This matter is before the Court on *pro se* Plaintiff Stephanie Ann Chitwood's ("Plaintiff")

Motion for Ex Parte Temporary Restraining Order and Request for Emergency Injunctive Relief

("TRO"). (ECF No. 4.)  Defendants have not appeared or filed a response.  For the reasons set

forth below, the Court DENIES Plaintiff's motion.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

In 2018, Plaintiff obtained a federally insured Federal Housing Administration 203(k)

rehabilitation loan, serviced by Defendant M&T Bank, to repair a property at 1629 Second

1

Avenue, Olivehurst, California.  (ECF No. 1 at 3–4.)  Defendant James Bishop, a HUD-approved consultant, prepared the required work write-up, and Defendant Thomas Smith was engaged as the contractor and authorized by M&T Bank to draw rehabilitation funds.  (*Id.*)  Plaintiff asserts that Defendant Thomas Smith performed unauthorized demolition and drew funds for work he never completed, and Defendant James Bishop then abandoned his oversight duties and refused the exit inspection needed for the project to proceed.  (*Id.* at 5–8.)  Plaintiff further states that M&T Bank froze and withdrew the remaining rehabilitation funds and refused to modify the loan, leaving the home incomplete and uninhabitable.  (*Id.* at 9–11.)

Plaintiff alleges that Defendant Yuba County obstructed the permitting process, locked her out of the property during a declared winter-storm emergency in early 2022, and demolished the home in or around April or May 2023 without notice or an opportunity to contest.  (*Id.* at 12–14.)  Plaintiff states that she learned of the demolition only in October 2023, and M&T Bank paid the County's demolition charges.  (*Id.*)

Plaintiff alleges that M&T Bank is now pursuing foreclosure, and a March 2026 payoff statement adds unauthorized "corporate advance" fees, including the demolition charges, without notice or a loss-mitigation review.  (*Id.* at 15; ECF No. 4 at 6, 17.)  Although Plaintiff acknowledges that the foreclosure auction may already have occurred, she asserts that the Trustee's Deed Upon Sale has not yet been recorded, and that its recording would irreversibly transfer the property and moot her claims.  (ECF No. 4 at 2–5.)

On July 2, 2026, Plaintiff initiated this action against Defendants Yuba County, M&T Bank, James Bishop, and Thomas Smith, together with Doe Defendants 1 through 100.  (ECF No. 1.)  Plaintiff asserts ten federal claims and five state-law claims, including violations of due process, disability discrimination, and common-law tort claims.  (*Id.*)

On July 6, 2026, Plaintiff filed the instant motion.  (ECF No. 4.)  The motion seeks to restrain M&T Bank, Yuba County, and any party acting on their behalf from taking any foreclosure, sale, transfer, or demolition-related action affecting the property and from recording the Trustee's Deed Upon Sale pending adjudication of Plaintiff's claims.  (*Id.* at 5.)

///

**II.    STANDARD OF LAW**

Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). The purpose of a TRO is to preserve the status quo until a full hearing can be conducted. *See* Fed. R. Civ. P. 65. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

For a TRO, a plaintiff must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for a TRO, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a TRO even if there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, if Plaintiff's likelihood of success on the merits is questionable, to obtain a TRO Plaintiff must demonstrate the balance of hardships "tip[ ] sharply" in their favor. *Id.* at 1134–35.

**III.    ANALYSIS**

Plaintiff seeks to restrain Defendants from taking any foreclosure, sale, transfer, or demolition-related action affecting the property and from recording the Trustee's Deed Upon Sale. (ECF No. 4 at 5.) The Court begins with irreparable harm and then turns to Plaintiff's likelihood of success on the merits. Because Plaintiff satisfies neither factor, the Court does not address the balance of the equities or the public interest.

///

3

A.      Irreparable Harm

To satisfy the second *Winter* factor, Plaintiff must demonstrate that irreparable harm is likely, not merely possible. *Winter*, 555 U.S. at 22. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). A plaintiff must "demonstrate immediate threatened injury," and the threatened injury must be "certainly impending." *Id.*; *Munns v. Kerry*, 782 F.3d 402, 411–12 (9th Cir. 2015).

Plaintiff fails to demonstrate irreparable harm because it is unclear whether the foreclosure sale has already occurred. Plaintiff states only that the foreclosure auction "may have occurred," but provides no explanation for how she reached that understanding or evidence that the sale occurred. (ECF No. 1 at 15; ECF No. 4 at 4.) Plaintiff offers no evidence of the date of any sale, no evidence that a sale in fact occurred, and no evidence fixing the date of recordation. On this record, the Court cannot determine the posture of the foreclosure, and it therefore cannot find that any harm is imminent. *See Wilkinson v. PHH Mortgage Corp.*, No. 2:24-cv-01416-TLN-AC, 2024 WL 4347472, at *3 (E.D. Cal. Sept. 30, 2024) (denying a temporary restraining order where the plaintiffs could only "speculate" foreclosure sale had occurred and offered no evidence of its date); *Espinoza v. Mroczek*, No. 2:23-cv-00228-TLN-JDP, 2023 WL 1869182, at *3 (E.D. Cal. Feb. 9, 2023) (finding imminence impossible to assess where "it is unclear what stage the foreclosure proceedings are in").

Even if the auction has already taken place, the harm Plaintiff anticipates, the loss of the property, has largely been sustained, and past injury is not the "certainly impending" future injury that preliminary relief exists to prevent. *Munns*, 782 F.3d at 411–12; *see also Wilkinson*, 2024 WL 4347472, at *3 (a completed sale means the plaintiff has "already suffered the anticipated harm"). Plaintiff similarly fails to show she is likely to suffer irreparable harm unless the Court enjoins the recording of the Trustee's Deed Upon Sale. Under California law, a trustee's sale is "deemed final upon the acceptance of the last and highest bid," and is "deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale." Cal. Civ. Code § 2924h(c). A perfected sale thus relates back to the date of the auction,

4

not to the later date of recordation.  Recording is therefore a step that, where the sale has occurred, confirms a transfer already accomplished rather than a transfer newly made.  As explained above, if the foreclosure sale has already occurred, Plaintiff cannot demonstrate immediate irreparable harm.  It follows that Plaintiff remains unable to show immediate irreparable harm will result in the absence of an order enjoining the recording of the Trustee's Deed Upon Sale.

B.      Likelihood of Success on the Merits

Plaintiff also fails to establish she is likely to succeed on the merits of her claims.  With respect to this *Winter* factor, Plaintiff contends that her recently filed Complaint seeks to preserve the Court's ability to adjudicate her claims, a completed foreclosure sale would moot those claims by irretrievably transferring the property, and the servicer's improper fees, demolition-related charges, frozen rehabilitation funds, and failure to conduct a required FHA loss-mitigation review raise serious questions going to the merits.  (ECF No. 4 at 4.)  These assertions do not satisfy the first *Winter* factor.  Plaintiff's argument that relief is necessary to prevent her claims from becoming moot addresses the risk of irreparable harm, not the likelihood of success on any claim.  Moreover, Plaintiff's supporting allegations, namely the improper fees, the demolition-related charges, the frozen funds, and the absence of a loss-mitigation review, rest on conclusory characterizations unsupported by factual development, evidentiary support, or any analysis connecting the challenged conduct to a viable claim for relief.  A conclusory recitation of grievances, "devoid of facts or evidence," cannot establish a likelihood of success.  *Robinson v. Chapman*, No. 2:26-cv-01576-TLN-CKD, 2026 WL 1091706, at *2 (E.D. Cal. Apr. 22, 2026); *see also Sirrum v. Tomkinson*, No. 2:13-cv-00986-TLN-CMK, 2013 WL 12121214, at *1–2 (E.D. Cal. May 21, 2013) (denying a foreclosure-related temporary restraining order where the plaintiff's filings did "not explain how" the alleged violations entitled her to relief).  Thus, Petitioner has failed to make a "clear showing" that she is entitled to relief.  *Winter*, 555 U.S. at 22.

Because Plaintiff has not established a likelihood of success on the merits or irreparable harm, the Court declines to address the remaining *Winter* factors.  *See MD Helicopters, Inc. v.*

*Aerometals, Inc.*, No. 2:16-cv-02249-TLN-AC, 2018 WL 489102, at *3 (E.D. Cal. Jan. 19, 2018) (declining to address the remaining *Winter* factors after the movant failed to demonstrate that it will suffer irreparable harm in the absence of a preliminary injunction).

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order is DENIED.  (ECF No. 4.)

IT IS SO ORDERED.

Dated:  July 08, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE