UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE ANN CHITWOOD,
Plaintiff,
v.
YUBA COUNTY, et al.,
Defendants.

No. 2:26-cv-02338-TLN-SCR

ORDER

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 6, 2026, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to show cause within 14 days why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service. ECF No. 6. The Court directed Plaintiff to respond within 14 days and to do so by filing either a motion to extend time for service or return/proof of service as to all Defendants who have been served. *Id.* at 2. Plaintiff's response was due by October 20, 2026.

On October 26, 2026, Plaintiff filed a motion for a 60-day extension of time to complete service. Plaintiff states she completed service on all Defendants via certified mail on September 30, 2026, but that she has "determined that service on a government official must be reissued to fully comply with federal rules." ECF No. 12 at 1-2. Plaintiff asserts she needs additional time due to "unexpected and severe, documented medical issues". *Id.* at 2. Plaintiff does not submit this referenced documentation in support of her contention or a declaration. Plaintiff does not

submit any returns of service.

Since the Court's issuance of the OSC, one Defendant, James Bishop, has appeared pro se and filed a motion to dismiss. ECF No. 7. The motion does not raise a challenge to service. Plaintiff states that she needs additional time to serve government officials, but Defendant M&T Bank is not a government official, nor is Defendant Thomas Smith, who is described as a contractor who worked on Plaintiff's property (ECF No. 1 at 2), and Defendant Bishop has already appeared. Thus, Yuba County is the only remaining named Defendant, and is a local governmental entity, but is not a "government official." The Court will grant Plaintiff additional time, but does not find Plaintiff has demonstrated good cause for a 60-day extension.

Plaintiff's two-page response also requests several other forms of relief in conclusory manner. Plaintiff requests the Court: 1) authorize remote appearances for all future hearings; 2) grant access to electronic filing; and 3) appoint pro bono legal counsel. ECF No. 12 at 2. The only hearing currently set is for Bishop's motion to dismiss on January 14, 2027. The Court will reset that hearing to occur via Zoom. As to the request for e-filing, a Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2). This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing. *See, e.g., Baker v. IC Sys., Inc*., No. CV-08-8091- PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed"). Plaintiff's motion to electronically file does not present good cause to deviate from the default under the Local Rules.

Finally, as to the request for appointment of counsel, the Court finds Plaintiff has not made a sufficient showing for appointment of counsel. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Appointment of counsel under § 1915(e)(1) is a matter within the Court's discretion, and counsel may only be appointed in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986). "A finding of exceptional circumstances requires both an evaluation of the likelihood of success on the merits and the ability of the movant to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citations and quotation omitted). Plaintiff has presented no argument regarding these factors. "[A] litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case." *Siglar v. Hopkins*, 822 F.App'x 610, 612 (9th Cir. 2020). At this stage in the proceeding, Plaintiff has made an insufficient showing of the need for appointment of counsel. That counsel would be beneficial is not sufficient grounds. *See Siglar*, 822 F.App'x at 612 ("Siglar surely would have been aided by counsel, but if this were the prevailing standard, pro se civil litigants would be entitled to counsel in all circumstances, not only exceptional ones.").

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion for extension of time (ECF No. 12) is GRANTED IN PART and DENIED IN PART as set forth herein.
2. Plaintiff shall complete service and file returns of service for all Defendants who have been served by no later than **December 8, 2026**.
3. The hearing on Defendant Bishop's motion to dismiss (ECF Nos. 7 & 11) is RESET to be conducted via Zoom on January 14, 2027 at 11:00 a.m. The courtroom deputy will provide Zoom instructions to the parties closer to the hearing date.
4. Bishop's motion (ECF No. 7) was filed on October 7, 2026, and a response is due within 14 days pursuant to Local Rule 230. Plaintiff has not responded. The Court will sua sponte extend the deadline for an opposition brief to **November 18, 2026**. Bishop shall file any reply brief by **December 4, 2026**.
5. Plaintiff's requests for e-filing and appointment of counsel are denied without prejudice.

SO ORDERED.

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE